UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael T. Ash et al,  Civ. No. 12-1721 (JRT/LIB)

    Plaintiffs,

v.  **REPORT AND RECOMMENDATION**

Werner Co. et al,

    Defendants.

---

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases and upon an assignment made in accordance with 28 U.S.C. 636(b)(1)(A).

Plaintiffs commenced this action in Minnesota State Court by the service of a summons and complaint upon the Defendants on or around June 27, 2012. (See Compl. [Docket No. 1, Ex. 2]). The matter was removed to this Court on July 18, 2012. (See Notice of Removal [Docket No. 1]).

On September 6, 2012, the Court issued an Order directing counsel for Plaintiffs, within 14 days, to notify Defendants New Werner Holding Co., Inc. and Old Ladder Co that they are required to make an appearance in this action, to file an application for default unless the required pleading is filed within 7 days, or to advise the Court in writing of any good cause to the contrary. (See Order [Docket No. 5] at 2). The Court advised Plaintiffs that if they failed to comply with the Court's Order, the undersigned would recommend that the claims against Defendants New Werner Holding Co., Inc. and Old Ladder Co. be dismissed for lack of prosecution. (Id.)

On September 13, 2012, Defendants Menard, Inc., New Werner Holding Co., and Werner Co. filed a motion for an extension of time to answer. (See Docket No. 6). The Court granted Defendants' motion and extended the time for these Defendants to answer until September 20, 2012. (See Order [Docket No. 8]). On September 20, 2012, Defendants Menard, Inc., New Werner Holding Co., and Werner Co. filed their answer. (See Docket No. 9). However, with respect to Old Ladder Co., Plaintiffs have failed to comply with the Court's September 6, 2012 Order.

Based on the Court's express warning regarding the consequences that would follow if Plaintiffs failed to comply with the Court's prior order, it is now recommended that Plaintiffs be deemed to have abandoned their claims against Old Ladder Co. and that the claims against Old Ladder Co. be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

Based upon the above, and upon all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' claims against Old Ladder Co. be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Dated: November 14, 2012                      s/Leo I. Brisbois
                                                           LEO I. BRISBOIS
                                                           United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by November 28, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for

each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.